

**Dr. Juli Mazi**
http://DrJuliMazi.com
707-401-2277

22-10311

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 1 2 2022

# Affidavit

Case # 3:22-cr-00036-CRB-1
December 8, 2022



I, Juli Mazi, affirm all inherent immunities remain intact, as shown in 309 U.S. 512, those with diplomatic immunity are exempt from suits and cross-suits. I have not waived my inherent immunity to suit the district court, nor have my inherent immunities been otherwise abrogated.

I, Juli Mazi, have given all of my interest in the social security trust account to first nations, by way of Turtle Island Exchange, to benefit the beneficiaries.

As stated in 308 U.S. 371, and P. 309 U.S. 513, "Immunity from suit cannot be waived by official failure to object to the jurisdiction or to appeal from the judgment. In absence of statutory consent to the suit, the judgment is subject to collateral attack." As all contracts were created under threat and duress, they have been absent of all consent.

According to 884 F. 2d 416, 419, "Congressional abrogation of tribal sovereign immunity 'cannot be implied, but must be unequivocally expressed.'" There is no official or expressed waivers of immunity on file to proceed in this action.

"A district court's order denying a motion to dismiss involving a claim of tribal sovereign immunity is an immediately appealable collateral order," according to *Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor*, 187 F.3d 1174, 1179-80.

The above mentioned facts only highlight the extensive amount of case law pertaining to first nation entitlements and immunities clearly showing the need for an expressed waiver of immunities on file. I have Not waived these immunities, nor have I accepted any contracts that don't expressly state my role as the beneficiary or the trust being administered in this matter.

