UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 22-10311 |
| JULI MAZI, | : | |
| Defendant-Appellant. | : | |

**GOVERNMENT'S MOTION TO DISMISS APPEAL**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27-9.2, the United States moves to conditionally dismiss Defendant-Appellant Juli Mazi's appeal from her criminal conviction and sentence unless Mazi—currently a fugitive from justice with an outstanding arrest warrant—surrenders herself to the Bureau of Prisons or the United States Marshals within 30 days. If Mazi fails to timely surrender, the government requests that her appeal be dismissed with prejudice.

Dismissal is appropriate under the fugitive disentitlement doctrine. As explained in detail below, Mazi failed to self-surrender as ordered to begin serving her sentence. A warrant for her arrest remains outstanding. Because Mazi is a fugitive, her appeal should be conditionally dismissed.[1]

---

[1] Mazi's counsel has informed the undersigned that he does not take a position on this motion.

## JURISDICTION AND TIMELINESS

The district court (Breyer, J.) had jurisdiction under 18 U.S.C. § 3231. Judgment against Mazi was entered on December 1, 2022. D. Ct. Dkt. 60.[2] Mazi filed a timely notice of appeal on December 2, 2022. D. Ct. Dkt. 63; *see* Fed. R. App. P. 4(b)(1)(A)(i). This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## BACKGROUND

Mazi pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of false statements related to health care matters, in violation of 18 U.S.C. § 1035. D. Ct. Dkt. 60 at 1. On November 29, 2022, the district court sentenced Mazi to 33 months of imprisonment and ordered her to surrender to an institution designated by the Bureau of Prisons or to the U.S. Marshal in San Francisco at or before noon on January 6, 2023. *Id.* at 2. Mazi failed to self-surrender as ordered. GX ¶ 3; *see* D. Ct. Dkt. 81 (government motion for issuance of arrest warrant).

Mazi has presented no justification for her failure to self-surrender. Although this Court conditionally granted Mazi's request that it appoint counsel to assist in her appeal, Mazi moved *pro se* to stay her self-surrender date. D. Ct. Dkts. 78, 80.

---

[2] "D. Ct. Dkt." refers to numbered entries on the district court docket. "C.A. Dkt." refers to numbered entries on this Court's docket. "GX" refers to the government's exhibit attached to this filing.

2

Observing that Mazi's motion was received "after the [C]ourt had appointed counsel for [Mazi]," this Court stated that it would "take no further action on the motion." D. Ct. Dkt. 80. Neither Mazi nor her counsel has since filed a motion regarding Mazi's self-surrender date in this Court or the district court. Mazi's counsel recently declared that he "ha[s] not been able to communicate with Ms. Mazi regarding her financial status." C.A. Dkt. 25 at 4.

On January 10, 2023, the government filed a motion in the district court for the issuance of an arrest warrant, noting that Mazi had yet to self-surrender and that Mazi's counsel had informed the government that he did not know of Mazi's plans to self-surrender and did not know her whereabouts. D. Ct. Dkt. 81. The district court granted the government's motion and issued an arrest warrant on January 23, 2023. D. Ct. Dkt. 83. Mazi has not self-surrendered, and the arrest warrant remains active. GX ¶¶ 3-5.

## ARGUMENT

### A. The Fugitive Disentitlement Doctrine

When a criminal defendant becomes and remains a fugitive during the pendency of her appeal, dismissal of the appeal is an appropriate sanction pursuant to the equitable doctrine of fugitive disentitlement. *Molinaro v. New Jersey*, 396 U.S. 365, 365-366 (1970) (per curiam); *see also Ortega-Rodriguez v. United States*, 507 U.S. 234, 242, 250-252 (1993) ("[O]ur cases consistently and unequivocally

3

approve dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." (internal quotation marks omitted)). Indeed, "[t]he paradigmatic object of the doctrine is the convicted criminal who flees while h[er] appeal is pending." *Antonio-Martinez v. INS*, 317 F.3d 1089, 1092 (9th Cir. 2003). The justifications for the doctrine include ensuring that this Court's judgment will be enforceable against the defendant and promoting "the equitable notion that a person who flouts the authority of the court waives h[er] entitlement to have h[er] appeal considered." *Sun v. Mukasey*, 555 F.3d 802, 804 (9th Cir. 2009). Additionally, the discretionary doctrine "'serves an important deterrent function and advances an interest in efficient, dignified appellate practice.'" *Parretti v. United States*, 143 F.3d 508, 511 (9th Cir. 1998) (en banc) (quoting *Ortega-Rodriguez*, 507 U.S. at 242).

Applying these principles, this Court has recently and repeatedly dismissed appeals brought by defendants who had voluntarily absconded from justice during the pendency of their appeals and hidden themselves from federal courts' jurisdiction. *See, e.g.*, *United States v. Lykes*, No. 22-10054, C.A. Dkt. No. 18 (9th Cir. Sept. 16, 2022) (dismissing appeal "with prejudice subject to the . . . qualification" that appellant could move for reinstatement following self-surrender within 42 days); *United States v. Islas*, 769 F. App'x 516, 517 (9th Cir. 2019) (dismissing appeal where defendant failed to report to probation officer for two

4

months following his conviction and an arrest warrant remained outstanding); *United States v. Yellow*, 613 F. App'x 667 (9th Cir. 2015) (conditionally dismissing appeal of fugitive appellant while permitting him to move for reinstatement if he surrendered within 30 days); *United States v. Quintos*, 506 F. App'x 632 (9th Cir. 2013) (dismissing appeal of fugitive appellant); *Williams v. Alameida*, 511 F.3d 973, 974 (9th Cir. 2007) (dismissing appeal where appellant "failed to report to his parole agent" and an arrest warrant had been issued); *United States v. Torres*, 221 F. App'x 646, 647 (9th Cir. 2007) (dismissing appeal where appellant's counsel informed this Court that appellant "is a fugitive and that there is an outstanding warrant for his arrest").

**B.    This Court Should Dismiss Mazi's Appeal Because She Is Currently A Fugitive**

As in the cases cited above, this Court should conditionally dismiss Mazi's appeal because she is a fugitive from justice and has voluntarily hidden herself from federal courts' jurisdiction. Mazi failed to self-surrender on January 6, 2023, as ordered by the district court, GX ¶ 3, despite knowing of her obligation to do so, as reflected by her *pro se* motion to stay her self-surrender date, *see* D. Ct. Dkt. 80. A warrant for Mazi's arrest remains outstanding. GX ¶ 4.

These facts support this Court's exercise of its discretion to conditionally dismiss Mazi's appeal. First, Mazi's flight during the pendency of her appeal flouts the judicial process and damages the integrity of the judicial system. *See Ortega-*

5

*Rodriguez*, 507 U.S. at 245; *see also Sun*, 555 F.3d at 804. Second, without Mazi's presence, there is no assurance that any decision by this Court rendered against Mazi would be enforceable. *See Ortega Rodriguez*, 507 U.S. at 239-240; *see also Sun*, 555 F.3d at 804. Third, dismissal of Mazi's appeal at this stage would preserve this Court's resources and deter similarly situated appellants from fleeing from justice. *See Parretti*, 143 F.3d at 511 (citing *Ortega-Rodriguez*, 507 U.S. at 242). "One may not invoke the power of judicial review only thereafter to obey or disobey the lower court's mandate as [s]he sees fit." *United States v. Freelove*, 816 F.2d 479, 480 (9th Cir. 1987). In sum, "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of [this] criminal case after the convicted defendant who has sought review escapes from the restraints placed upon h[er] pursuant to the conviction." *Molinaro*, 396 U.S. at 366.

## CONCLUSION

For the reasons set forth above, this Court should conditionally dismiss Mazi's appeal unless, within 30 days, she surrenders to the Bureau of Prisons or the U.S. Marshals Service. *See Yellow*, 613 F. App'x at 667 (conditionally dismissing appeal pursuant to fugitive disentitlement doctrine). If Mazi fails to timely surrender and move for reinstatement, the government requests that her appeal be dismissed with prejudice.

| | |
|---|---|
| DATED: March 8, 2023 | Respectfully submitted, |
| STEPHANIE M. HINDS<br>United States Attorney | KENNETH A. POLITE, JR.<br>Assistant Attorney General |
| MATTHEW M. YELOVICH<br>Chief, Appellate Section | LISA H. MILLER<br>Deputy Assistant Attorney General |
| KATHERINE M. LLOYD-LOVETT<br>Assistant United States Attorney | S. BABU KAZA<br>Trial Attorney |

/s/ *Andrew Laing*
ANDREW W. LAING
Appellate Counsel
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, D.C. 20530
202.353.8433
andrew.laing@usdoj.gov